MICHELE POWER
SEAN BROWN
POWER AND BROWN, LLC
P.O. BOX 1809
BETHEL, ALASKA 99559
Telephone: 907-543-4700
Facsimile: 888-887-1146

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GEORGE BEANS, SR. and GERALDINE BEANS,<br><br>               Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>               Defendant. | Case No._____ cv _____ ( _____ )<br><br>COMPLAINT FOR DAMAGES |

For their amended complaint, plaintiffs, by and through counsel Power and

Brown, LLC, allege as follows:

Parties and Jurisdiction

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.

   Jurisdiction is based on 28 U.S.C. § 1346(a) (2) and 1346(b).

2. Plaintiffs submitted timely administrative claims based on the facts alleged herein

- 1 -

to the Department of Health & Human Services. More than six months has passed since the receipt of the claims, which have been neither admitted nor denied. The claims are deemed by plaintiffs to be denied, pursuant to 26 U.S.C. § 2675.

3. At the time of the conduct that forms the basis for the allegations in plaintiffs' Complaint, the Marshall Clinic and the Yukon-Kuskokwim Delta Regional Hospital ("YKDRH") through Yukon-Kuskokwim Health Corporation ("YKHC") were carrying out a compact agreement with the Indian Health Service, and is deemed to be part of the Indian Health Service in the Department of Health and Human Services of the United States of America pursuant to Public Law 101-512, Title III, section 314.

Common Factual Allegations

4. Plaintiffs George Beans, Sr. and Geraldine Beans are a married couple residing in St. Mary's, Alaska.

5. On or about June 2, 2009, George Beans, Sr. was working in Marshall, Alaska when he began to vomit and experience vertigo.

6. Mr. Beans' coworkers immediately took him to the Marshall Clinic, operated by YKHC, where he presented at approximately 4:00 pm with complaints of dizziness, nausea, vomiting, faintness, weakness, double vision and inability to walk on his own.

7. In an extreme departure from the standard of care under circumstances where a

high degree of danger was apparent, health care providers at the Marshall Clinic, with supervision from health care providers at YKDRH (operated by YKHC), delayed making a decision to medivac Mr. Beans to YKDRH for further evaluation treatment.

8. Eventually, health care providers at the Marshall Clinic, with supervision from health care providers at YKDRH, resolved to medivac him to YKDRH for further evaluation and treatment.

9. In an extreme departure from the standard of care under circumstances where a high degree of danger was apparent, Mr. Beans was left completely alone in the Marshall Clinic overnight, while awaiting his medivac flight to Bethel.

10. On or about June 3, 2009, at approximately 2:00 pm, Mr. Beans was medivaced to Bethel for treatment at YKDRH, where health care providers diagnosed him with a stroke and medivaced him to the Alaska Native Medical Center ("ANMC") in Anchorage, Alaska for further evaluation and treatment.

11. In view of the above, health care providers at the Marshall Clinic and at YKDRH knew or had reason to know of facts which would lead a reasonable health care provider to realize that failure to identify Mr. Beans' symptoms as a stroke and failure to transfer Mr. Beans to YKDRH for further evaluation and treatment not only created an unreasonable risk of bodily harm to him but also involved a high degree of probability that substantial harm will result to him.

12. YKHC health care providers' conscious conduct demonstrated a deliberate

disregard of George Beans' rights and constitutes an extreme departure from the standard of care under the circumstances.

13. As a result, George Beans, Sr. was hospitalized and required a lengthy recovery period.

14. As a result of Mr. Beans' injuries, Geraldine Beans suffered a loss of consortium.

### First Claim for Relief: Negligence

15. Plaintiffs incorporate by reference all prior allegations herein.

16. The examination, care and control of the treatment of George Beans, Sr. was performed by employees of the YKHC, through the Department of Health and Human Services, an agency of the United States of America. At all relevant times herein, said employees were acting within the scope of their employment.

17. In the aforesaid examination and control of the care and treatment of George Beans, Sr. the defendant's employees negligently failed to possess that degree of knowledge and skill ordinarily possessed and exercised at the time by other health care providers in the field or specialty in which they were practicing.

18. As a proximate result of the negligence of the employees and agents of the defendant, George Beans, Sr. suffered pecuniary damages.

19. As a proximate result of negligence of the employees and agents of the defendant, George Beans, Sr. suffered physical injury, emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, in an amount to be proven at trial

## Second Claim for Relief: Recklessness

20. Plaintiff incorporates by reference all prior allegations herein.

21. The examination, care and control of the treatment of George Beans, Sr. performed by employees of the YKHC, through the Department of Health and Human Services, an agency of the United States of America. At all relevant times herein, the employees were acting within the scope of their employment.

22. In a reckless departure from the standard of care in a situation where a high degree of danger was apparent, YKHC employees failed to identify Mr. Beans' symptoms as a stroke and failed to transfer Mr. Beans to YKDRH for further evaluation and treatment

23. YKHC employees knew or had reason to know of facts which would lead a reasonable health care provider to realize that these failures not only created an unreasonable risk of bodily harm to George Beans, Sr. but also involved a high degree of probability that substantial harm will result to him.

24. YKHC health care providers' conscious conduct demonstrated a deliberate disregard of George Beans' rights and constitutes an extreme departure from the standard of care under the circumstances.

25. YKHC health care providers' unreasonable conduct was willful, wanton and/or reckless, and involved an extreme departure from the standard of care under these circumstances where it was apparent that there was a high degree of danger that

George Beans' condition was extremely serious.

26. As a proximate result of YKHC health care providers' recklessness, George Beans, Sr. suffered pecuniary damages.

27. As a proximate result of YKHC health care providers' recklessness, George Beans, Sr. suffered physical injury, emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, in an amount to be proven at trial.

### Third Claim for Relief: Loss of Consortium

28. Plaintiffs incorporate by reference all prior allegations herein.

29. George Beans, Sr. suffered severe injuries as a result of defendant's negligent failure to possess that degree of knowledge and skill ordinarily possessed and exercised at the time by other health care providers in the field or specially in which they were practicing.

30. As a result, Plaintiff Geraldine Beans was deprived of the benefit of marital relations with Plaintiff George Beans, Sr. including but not limited to love, affection, care, attention, companionship and comfort.

31. Further, Plaintiff Geraldine Beans has sustained both past and future loss of consortium in the spousal relationship, including loss of society, comfort, care, protection, affection, companionship, and solace.

## PRAYER FOR RELIEF

WHEREFORE plaintiffs demand judgment for compensatory damages in excess of $10,000,000, the precise amount to be proven at trial, plus allowable costs, interest, and attorneys' fees.

RESPECTFULLY SUBMITTED this 12th day of May, 2010, at Bethel, Alaska.

<pre>
                                        s/ Michele L. Power
                                        P.O. Box 1809
                                        Bethel, Alaska 99559
                                        Phone: (907) 543-4700
                                        Fax: (888) 887-1146
                                        E-mail: admin@powerbrown.com
                                        ABA No. 9510047
</pre>